TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    718) 762-1324
Fax:   (718) 762-1342
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GUOPING SHE

                       Plaintiff,           **Case No: 15-cv-10185**

      v.

RONG GE FRIEDMAN and                   **COMPLAINT**
EDGAR FRIEDMAN
                       Defendants.
-------------------------------------------------------------x

Plaintiff, GUOPING SHE (hereinafter "Plaintiff SHE" or "Plaintiff") by and through their attorney, Troy Law, PLLC, hereby bring this complaint against Defendants RONG GE FRIEDMAN and EDGAR FRIEDMAN and alleges as follows:

## INTRODUCTION

1. This action is brought by Plaintiff against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed violations of the FLSA and NYLL by failing to pay Plaintiff at least the hourly minimum wage compensation for all hours worked.

3. Upon information and belief, Defendants have willfully and intentionally committed violations of the NYLL by engaging in a pattern and practice of failing to pay Plaintiff overtime compensation for all hours worked over forty four (44) each workweek.

4. Defendants refused to record all of the time that Plaintiffs and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

5. Plaintiff Tan alleges pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") that she is entitled to recover from Defendant (1) unpaid minimum wages, (2) liquidated damages, and (3) attorney's fees and costs.

6. Plaintiff further alleges pursuant to New York Labor Law §§ 650 *et seq*. ("NYLL") and New York Codes, Rules and Regulations §§ 142 ("NYCRR") *et seq.* that she is entitled to recover from the Defendant: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread of hours payments for each day she worked ten or more hours, (4) liquidated damages, and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. §1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

8. This Court has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

10. Plaintiff SHE is a resident of Queens.

11. Plaintiff SHE was hired by Defendants RONG GE FRIEDMAN and EDGAR FRIEDMAN on December 20, 2014.

12. Plaintiff SHE was employed as a domestic service worker and worked for Defendants RONG GE FRIEDMAN and EDGAR FRIEDMAN from December 20, 2014 to December 19, 2015.

13. At all times relevant to this action, Plaintiff SHE was an employee within the meaning of the FLSA and NYLL.

## DEFENDANTS

14. Defendants RONG GE FRIEDMAN and EDGAR FRIEDMAN are Residents of 21 East 61st Street, Apt 3B, New York, NY 10065.

15. Defendants RONG GE FRIEDMAN and EDGAR FRIEDMAN supervised Plaintiff SHE's work throughout Plaintiff SHE's employment.

16. Defendants RONG GE FRIEDMAN and EDGAR FRIEDMAN had the power to hire and fire Plaintiff SHE, set wages, set terms and conditions of employment, as well as the authority to maintain employment records for Plaintiff SHE.

17. Defendants RONG GE FRIEDMAN and EDGAR FRIEDMAN are husband and wife, with an elementary school daughter MICA FRIEDMAN and a kindergartener son AIDEN FRIEDMAN.

18. At all times relevant to this action, Defendants RONG GE FRIEDMAN and EDGAR FRIEDMAN was Plaintiff SHE's employer within the meaning of the FLSA and NYLL.

## FACTS

19. Defendants committed the alleged acts herein knowingly, intentionally, and willfully.

20. Defendants knew that the nonpayment of minimum wage, overtime, and spread-of-hours would financially injure Plaintiff and violated state and federal laws.

21. Upon information and belief, Defendants failed to keep a correct and accurate record for Plaintiff's employment showing daily and weekly hours worked, wage rate, gross wages, allowance, if any, claimed as part of the wage, deductions from wages, and net wages.

22. Defendants never furnished any records for examination on the premise where Plaintiff worked.

23. Defendants failed to place posting notice for domestic service workers as required by the NYLL and FLSA.

24. Defendants did not give to Plaintiff three paid days off after one year of work as required by NYLL.

25. In fact, Defendants promised to give Plaintiff seven days paid days off after one day of work.

26. However, Defendants refused to give Plaintiff even the three paid days off as required by the NYLL.

27. At all times relevant to this action, Plaintiff's regular work schedule ran from 07:00 to 23:00 for sixteen (16) hours a day, six (6) days a week.

28. However, as a result of having to pat AIDEN FRIEDMAN to sleep, which lasts for at least one hour per night and lasts two hours every other night, Plaintiff in reality worked an additional one and one half (1.5) hours each day.

29. As a result, at all relevant times, Plaintiff worked around one hundred and seven (107) hours each week.

30. From 07:00 to 23:00, Plaintiff's duties included, but were not limited to:

    a. From 07:00, preparing breakfast for three FRIEDMAN's: MICA FRIEDMAN,

EDGAR FRIEDMAN and RONG GE FRIEDMAN, including fruit for EDGAR FRIEDMAN as they wake up;

b. At 07:27, bringing MICA FRIEDMAN to take the school bus three (3) to four (4) times each week;

c. At 08:45, walking AIDEN FRIEDMAN to the kindergarten on 66th Street;

d. When Plaintiff returns, Plaintiff commences to do housework, which includes: mopping the white floor, Mopping the kitchen's floor; Tidying up the rooms; Washing the dishes; hand washing MICA and AIDEN FRIEDMAN'S clothes, EDGAR FRIEDMAN's undergarments;

e. At 13:00, Plaintiff continues to iron the husband's clothes, shirt, pants;

f. Pick up AIDEN FRIEDMAN at 15:00 on Mondays, at 14:00 on Tuesdays through Thursdays, and at 12:00 on Fridays;

g. Preparing AIDEN FRIEDMAN's lunch;

h. Washing AIDEN FRIEDMAN with Chinese herbs to treat his skin;

i. Prepare fried rice, fried eggs with tomato and noodle for MICA FRIEDMAN;

j. Prepare meat cake, wonton, and bacon for AIDEN FRIEDMAN;

k. Preparing meatballs for EDGAR and RONG GE FRIEDMAN;

l. Preparing red bean sweep soup as snack for the FRIEDMAN's;

m. Preparing red carrots and salads for the FRIEDMAN's;

n. Fetching the FRIEDMAN's glasses of water each on demand;

o. From 18:30 to 19:30, feed AIDEN FRIEDMAN;

p. At 20:00, bath AIDEN FRIEDMAN, brush AIDEN FRIEDMAN's teeth;

q. Wash fruit for MICA and EDGAR FRIEDMAN;

      r.  At 23:00, the Plaintiff sleeps next to AIDEN;

31. After 23:00, Plaintiff has to wake up to take care of AIDEN, covering him up with quilt and patting him to sleep. This activity takes at least one hour per night, around half the time run over two (2) hours.

32. In order to complete her major duties as domestic service worker, Plaintiff handled goods such as soap, mops, detergents, vacuum cleaners, and other goods that were produced for interstate commerce.

33. Plaintiff's employment freed Defendant to engage in such activities of interstate commerce.

34. Plaintiff was promised compensation of $660 a week from December 20, 2014 to January 19, 2015.

35. Plaintiff was promised compensation of $720 a week from January 20, 2015 to November 19, 2015.

36. Plaintiff was promised compensation of $750 a week from November 20, 2015 to December 19, 2015.

37. Defendants frequently delay payment of Plaintiffs' due wages for seven (7) days to two (2) months.

38. During Plaintiff's employment with Defendant, Plaintiff was not compensated at the rate of the minimum wage for all hours worked per week as required by federal law.

39. During Plaintiff's employment with Defendant, Plaintiff was not compensated at the rate of one and one half times (1.5x) the minimum wage for all hours worked in excess of forty-four (44) hours per week as required by the New York state law.

40. Plaintiff was not compensated New York's "spread of hours" premium, for days on which her shifts lasted longer than ten (10) hours as provided for under New York state law.

## COUNT I.

### FLSA Minimum Wage Violations, 29 U.S.C. §201 *et seq.*

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

42. At all relevant times, Defendant was a, "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA. At all relevant times, Defendants employed the Plaintiff.

43. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked one hundred and seven (107) hours per workweek.

44. At all relevant times, Defendant had and operated under a policy of willfully failing and refusing to pay Plaintiff the minimum wage for all hours worked, and willfully failing to keep records required by the FLSA.

45. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required federal minimum wage.

46. Plaintiff seek damages in the amount of her unpaid minimum wage compensation, liquidated (double) damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT II.

### [Violation of New York Labor Law—Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

49. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, for some or all of the hours they worked.

50. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages in the lawful amount for hours worked.

51. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

### COUNT III.
### New York State Overtime Violations, NYLL §§ 650 *et seq*.
### 12 NYCRR § 142-2.2

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

53. It is unlawful under New York law for an employer to permit an employee to work without paying overtime wages for all hours worked in excess of forty-four (44) hours in any workweek.

54. Throughout Plaintiff's employment, Defendant willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rates: one-and-one-half times the minimum wage rate for hours worked in excess of forty-four (44) hours per workweek.

55. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, and attorney's fees and costs pursuant to NYLL § 663.

### COUNT IV.
### New York State Spread of Hours Violation, NYCRR § 142-2.4

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

57. Plaintiff's workdays regularly lasted more than ten (10) hours.

58. Defendant required Plaintiff to work shifts over ten hours multiple times a week for the duration of her employment.

59. Defendant willfully and intentionally violated NYCRR § 142-2.4 by failing to pay Plaintiff one extra hour's pay at the basic minimum hourly wage rate for each day Plaintiff's spread of hours work exceeded 10 hours. This "spread of hours" regulation is applicable even if there is a split shift.

60. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein Plaintiff has sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorney's fees and costs pursuant to NYLL § 663.

## COUNT V.
## New York State Statement to Employee Violation, NYCRR § 142-2.7

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

62. Defendant did not provide Plaintiff with a statement listing hours worked, rates paid, gross wages etc. as required by NYCRR § 142-2.7.

63. As a result of Defendant's unlawful conduct, Plaintiff sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorney's fees and costs pursuant to state law.

## COUNT VI.
## [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiff and Rule 23 Class]

64. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set

forth herein.

65. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

66. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on her first day of employment.

67. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

68. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT VII.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiff and Rule 23 Class]

69. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

70. The NYLL and supporting regulations require employers to provide detailed paystub

information to employees every payday. NYLL §195-1(d).

71. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

72. Due to Defendants' violations of New York Labor Law, each Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including unpaid minimum wages, overtime compensation, unpaid spread-of-hours compensation and liquidated damages plus interest, to be paid by Defendants;

B. An award of unpaid minimum wage compensation due under the FLSA;

C. An award of unpaid overtime compensation due under the NYLL;

D. An award of unpaid spread of hours premium due under Title 12 of NYCRR 142-2.4;

E. An award of liquidated damages as a result of Defendants' willful failure to pay the minimum wage, overtime compensation and spread of hours premium under the FLSA and NYLL;

F. An award of attorney fees and costs, including fees pursuant to 29 U.S.C. §§ 201 et seq., NYLL § 663 and other applicable statutes;

G. An award of pre-judgment and post-judgment interest, as provided by law;

H. Provided that if any amounts remain unpaid upon the expiration of ninety (90) days following issuance of judgment, or ninety (90) days after the expiration of the time to appeal and no

appeal is then pending, whichever is later; the total amount of judgment will automatically increase by 15% as required by NYLL § 198(4); and

I. Such other and further legal and equitable relief as this Court deems necessary, just and proper.


Dated: Flushing, New York
January 9, 2016

                                      TROY LAW, PLLC
                                      *Attorney for Plaintiff*


                                      /s/ John Troy
                                      John Troy (JT0481)
                                      41-25 Kissena Boulevard Suite 119
                                      Flushing, NY 11355
                                      Tel: (718) 762-1324
                                      Fax: (718) 762-1342
                                      Email: johntroy@troypllc.com